STATE *vs.* CORNELIUS J. LYNCH, Appellant.

Penobscot.    Opinion May 7, 1896.

*Game.   Possession.   Market-Man.   R. S., c. 30, § 20; Stat. 1891, c. 95.*

Under R. S., c. 30, § 20, as amended by Chap. 95, Stat. of 1891, the possession of
but one moose during the whole of one open season is not sufficient evidence
of a violation of law by its illegal capture so as to throw the burden upon the
respondent of explaining such possession.

A market-man who deals in game, as permitted by this statute, has the same
right that every other person has of killing not exceeding one moose in one
year.   And the possession by him of the carcass of a moose, at a place other
than his market, is not evidence that the same was illegally taken or killed,
notwithstanding that he has had other moose, during the same open season,
at his established place of business for sale to local customers.

ON REPORT.

This was a complaint against the defendant in which he was
charged with the illegal possession of game.   The case came by
appeal into the court below where it was reported to this court
upon an agreed statement of facts as follows, under R. S., c. 134,
§ 26 :—

"It is agreed that the respondent is a market-man, having an
established place of business on Exchange Street, in Bangor, in this
state.   On the fourth day of December, 1894, he received a dis-
patch from a man that he would arrive at Bangor with a dead
moose for sale on the noon train.   The respondent went to the
train, found the man and purchased the moose intending to take
him with him to Boston.   The moose had been partly but not
fully cleaned, and the respondent placed him upon a sled and
carried him to a point in front of the sidewalk before his market,
and there deposited him on the side of the street outside the side-
walk.   He went into his market and got the necessary tools and
removed what remained of the insides of the moose, from the moose
where it lay.  . . . .

" No part of this moose was ever in the respondent's market or
on the sidewalk in front of his market.   So soon as the moose was

cleaned, the respondent had him removed to the Maine Central depot and took the moose with him on the evening train for Boston, open to view, tagged and plainly labelled with his name thereon and his destination.

"During the open season of 1894, the respondent as market-man had purchased and had in his possession in his said place of business, several moose; but not exceeding one moose at one time for the purpose of selling the same at retail in open season to his local customers; but during the time named in said complaint, to wit: from October first to December eighth, in fact during the whole open season, respondent had never taken, killed, destroyed or had in his possession any moose, except as before stated, in his business of market-man at his said place of business in Bangor. . . . ."

*C. A. Bailey*, County Attorney for State.

The State claims that an individual must elect in which capacity he will act. If as market-man, he waives his privilege as an individual, or if he does not waive his individual right, that right is used or exhausted with the first moose, two caribou and three deer which he takes into his possession, either as an individual or a market-man, and not such as he may select out of all his purchases during the whole open season.

*F. H. Appleton and H. R. Chaplin*, for defendant.

The defendant had the general public right common to everybody, and also the special right, in his capacity as a market-man, common only to persons engaged in the same pursuit.

It is not claimed that the respondent was in the exercise of both of these rights at the same time—that he had two moose in his possession at one time, one as an individual and one as a market-man; or that he had previously had prior to December 4th any moose in his possession except in his business as a market-man. The case fails to show anything of this kind and such was not the fact.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. Complaint is made against the defendant, under R. S., c. 30, § 20, as amended by Chapter 95, Public Laws of 1891, for unlawfully having in his possession on December 4, 1894, in the open season, one moose.

In the agreed statement of facts, upon which the case comes to the law court, it is admitted that the defendant at the time named had in his possession the carcass of one moose, which he bought at a railroad station in Bangor, and which after being dressed he took with him by train to Boston, "open to view, tagged and plainly labelled with his name thereon and his destination." It is also admitted that the defendant is a market-man, having an established place of business in Bangor, and that during the open season of 1894, as a market-man he had purchased and had in his possession at his place of business several moose, but not exceeding one at any one time, for the purpose of selling the same at retail in open season to his local customers; and that during the open season of 1894, the defendant had never taken, killed or destroyed any moose and never had in his possession any, except those had by him at his place of business for retail sale, and the one taken by him to Boston, for the possession of which this proceeding was instituted.

This court has recently decided in *State* v. *Bucknam*, 88 Maine, 385, that, under the statute referred to, the possession of any of the game therein mentioned is not a violation of the statute, but is evidence of its illegal capture which is the only offense prescribed; that the provisions in relation to the possession of game "were intended to aid in the enforcement of that one, by making the possession evidence of illegal capture, and compel the person charged to explain his possession of what would directly point to an illegal capture of the game."

But no such burden rests upon the person who has in his possession not exceeding one moose during the whole of one open season. Every one may take, kill or destroy one moose during

the open season of each year; consequently the possession of but one moose during one open season is not sufficient evidence of the violation of law by its illegal capture, so as to throw the burden upon the respondent of explaining such possession.

Nor is this result affected by the fact that the defendant as a market-man had dealt in game as permitted by this provision of the statute, which provides "but nothing in this section shall prevent any market-man or provision dealer, having an established place of business in this state, from purchasing and having in possession at his said place of business not exceeding one moose, two caribou and three deer lawfully caught, killed or destroyed, or any part thereof, at any one time, and selling the same at retail in open season to his local customers."

A market-man who deals in game has the same right that every other person has of killing not exceeding one moose in one year. And the possession by him of the carcass of one moose, at a place other than his market, is not evidence that the same was illegally taken or killed, notwithstanding that he has had other moose, during the same open season, at his established place of business for sale to local customers.

Under this construction of the statute, the agreed statement of facts discloses no violation of law.

*Complaint dismissed.*