STATE *vs.* ALLEN STONE.

PROVIDENCE—JUNE 3, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In the trial of an indictment for having partridges in one's possession during the time within which such possession is prohibited by statute, it is not necessary for the State to show, in addition to such possession, facts tending to prove the possession unlawful.

If the possession be consistent with a legal taking, the burden of proving it is on the defendant.

All that is necessary for the State to show in the first instance is the bare possession within the period covered by the statute.

INDICTMENT charging the offence described in the opinion. Heard on the defendant's petition for a new trial.

MATTESON, C. J. The indictment charges in technical form that the defendant, on September 24, 1896, did unlawfully have in his possession nineteen partridges.[1] He was convicted in the Common Pleas Division, and has brought the

------

[1] Gen. Laws R. I. cap 112, § 4.

SEC. 4. Every person who shall take or sell, buy or offer for sale, or have in his possession . . . . any ruffed grouse or partridge from the first day of January to the first day of October . . . . shall be fined twenty dollars for each of such birds.

case before us on his petition for a new trial, alleging that the verdict was against the evidence.

The only point insisted on at the hearing of the petition is that the evidence was insufficient to warrant a verdict of guilty because it proved a bare possession of the partridges by the defendant, the contention being that it was incumbent on the State to show, in addition to the possession, facts proving or tending to prove that the possession was unlawful. The defendant relies in support of the contention on *State* v. *Bucknam*, 88 Me. 385, and *State* v. *Lynch*, 89 Me. 209. The statute of Maine provided that no person should take, kill, destroy or have in his possession, between the first days of October and January, more than one moose, two caribou, and three deer, and that whoever should have in his possession, except alive, more than the number specified, should be deemed to have killed or destroyed them in violation of law. The court held that the object of the statute was to prevent a decimation of the game by limiting the time during which it might be taken or killed, and that it was not intended to apply to foreign game brought within the State at any time, or to game lawfully taken or killed there; that but one penalty for the killing or having in possession could have been intended, and that that related to the illegal capture of game, and hence, though the possession of a greater number of the kinds of game specified was made an offence, according to the strict letter of the statute, it was intended merely to aid in the enforcement of the provision against the illegal taking, killing, or destruction of game by making the possession evidence of illegal taking, &c., and thereby compelling the accused to show that his possession was consistent with a legal taking. If it be assumed that our statute should receive a similar construction to the Maine statute, the burden, nevertheless, would be on the defendant and not on the prosecution to show that his possession was consistent with a lawful taking, and hence all that it would be necessary for the State to prove in the first instance would be the bare possession of the birds at some time during the period covered by the statute. In the present case the defendant did not

attempt to show that his possession was consistent with a lawful taking, and hence his petition for a new trial must be denied.

New trial denied, and case remitted to the Common Pleas Division for sentence.

*Willard B. Tanner, Attorney-General,* for the State.
*Franklin P. Owen,* for defendant.